UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF PENNSYLVANIA

IN RE:

| | | |
|---|---|---|
| LYNNE R. STEWART | : | Bankruptcy No. 08-70244 BM |
| | : | |
| Debtor | : | Chapter 7 |

---

| | | |
|---|---|---|
| JAMES R. WALSH, ESQUIRE, TRUSTEE OF THE BANKRUPTCY ESTATE OF LYNNE r. STEWART, | : | |
| Plaintiff | : | |
| v. | : | Adversary No. 08-7044 BM ✓ |
| LYNNE R. STEWART, | : | Complaint To Revoke Discharge, As Well As To Compel Turnover |
| Defendant | : | Of Property and Accounting |

## MEMORANDUM ORDER

**AND NOW**, this **5th** day of **June**, 2009, it appears to the Court as follows:

(1) Debtor was physically injured in a motor vehicle accident in 2005. She received a $25,000 settlement in connection with the accident on January 21, 2008. Debtor also had a claim pending against another insurance company in connection with the accident.

(2) On March 12, 2008, fifty-one days after the settlement, debtor filed a voluntary chapter 7 petition and a chapter 7 trustee was appointed.
Neither the bankruptcy schedules nor debtor's statement of financial affairs, both of which were signed under penalty of perjury, disclosed the settlement or the pending claim. Debtor also falsely declared in her statement of financial affairs that her only income other than from her employment during the two years prior to the petition date was $5,225.00 in unemployment compensation received in 2006 and $1,573.00 in withdrawals from a pension in 2006. In 2006 debtor had received $15,000 in connection with the accident. During the § 341 meeting, debtor falsely stated while under oath that she did not have a claim against anyone for any

reason and did not expect to receive anything of value in the next six months.

(3) On April 18, 2009, the chapter 7 trustee received an e-mail from debtor's bankruptcy counsel in which counsel stated that he had just learned for the first time that debtor had received the above $25,000 settlement and had a claim in connection with the accident pending with Erie Insurance Company with a potential recovery of $100,000 Debtor's bankruptcy counsel stated in the e-mail that debtor would disclose these matters by amending her bankruptcy schedules and statement of financial affairs.

The information contained in the e-mail was conveyed to debtor's bankruptcy counsel not by debtor, but by her attorney in the personal injury matter. Had her personal injury attorney not disclosed this information to her bankruptcy counsel, it is doubtful that it ever would have come to the attention of the chapter 7 trustee. The conduct of debtor's bankruptcy counsel in passing this information on to the chapter 7 trustee is laudable. Responsibility for failing to disclose the $25,000 settlement or the above claim does not lie with him, but with debtor.

On May 18, 2008, and again on May 28, 2008, the chapter 7 trustee wrote to debtor's bankruptcy counsel demanding that debtor turn over funds remaining from the $25,000 settlement to him for distribution to creditors and that debtor provide an accounting concerning the disposition of any of those funds.

To date debtor has not amended her schedules and statement of financial affairs as her bankruptcy counsel represented she would. She also has not turned over the settlement proceeds to the chapter 7 trustee and has not provided an accounting.

(4) On June 5, 2008, debtor's bankruptcy counsel wrote to the chapter 7 trustee and advised that debtor was not cooperating with respect to amending her schedules and statement of financial affairs; he further advised that debtor would not turn over the settlement proceeds to the chapter 7 trustee and would not provide an accounting.

(5) The deadline for objecting to debtor's discharge was June 9, 2008. When no objection was raised by then to her discharge, debtor received a discharge pursuant to § 727(a) of the Bankruptcy Code on June 10, 2009.

Due to a full calendar of meetings with clients and the like, it was not until June 10, 2008, that chapter 7 trustee became aware for the first time of the above letter from debtor's bankruptcy counsel dated June 5, 2008. By then the deadline for objecting to debtor's discharge had passed.

- 2 -

On July 22, 2008, some six weeks after the deadline had passed, the chapter 7 trustee commenced this adversary action: to revoke debtor's discharge in accordance with § 727(d) of the Bankruptcy Code; to compel debtor to turn over the settlement proceeds to him; and for an accounting.

(8)  The chapter 7 trustee did not specify in the complaint which of the subparts of § 727(d) he was relying upon in seeking to have debtor's discharge revoked. In the pretrail stipulation, however, he stated that the relief he sought he was based on § 727(d)(1) of the Bankruptcy Code.

The adversary action was tried on May 29, 2009, at which time the chapter 7 trustee testified at length. For reasons that are known only to debtor, she did not appear for the trial. Her bankruptcy counsel, however, did appear and vigorously cross-examined the chapter 7 trustee.

When the chapter 7 trustee finished testifying, the court was handed a note which stated that debtor had called a member of the court's staff. The note indicated that debtor was on her way to the courthouse but was stuck in traffic due to an accident. Out of an abundance of caution, the trial was recessed for an hour to give debtor time to get to the courthouse. When debtor had not arrived by the time the recess had ended, the matter was taken under advisement.

(9)  The law pertaining to revocation of a discharge is relatively straightforward. At the request of the trustee, a creditor or the United States trustee, and after notice and a hearing, the court *shall* revoke a discharge granted under § 727(a) if, among other things: (1) the discharge was obtained as a result of fraud on the part of the debtor, and the party requesting revocation of the discharge did not know of such fraud until after the discharge was granted; or (2) the debtor acquired property of the estate and knowingly and fraudulently failed to report such acquisition of such property, or failed to deliver or surrender it to the trustee. 11 U.S.C. § 727 (d)(1), (2).

Revocation of a discharge is an extraordinary remedy. *Smith v. Jordan (In e Jordan)*, 521 F.3d 430, 433 (4th Cir. 2008). It has the same effect as the denial of a discharge. *Midkiff v. Stewart (In re Midkiff)*, 342 F.3d 1194, 1199 (10th Cir. 2003).  A discharge will not be revoked pursuant to § 727 (d)(1) if the party seeking revocation had knowledge *before the discharge was granted* of facts which provided notice of fraud on the debtor's part. *Mid-Tech Consulting, Inc. v. Swendra*, 938 F.2d 885, 888 (8th Cir. 1991). To prevail here, the chapter 7 trustee also must show that but for debtor's fraud, a discharge would not have been granted. *White v. Nielsen (In re Nielsen)*, 383 F.3d 922, 925 (9th Cir. 2004).

- 3 -

(10) Debtor's counsel maintained at trial that debtor's discharge may not be revoked pursuant to § 727(d)(1) because the chapter 7 trustee knew *before* debtor received a discharge that she had failed to disclose the existence of the $25,000 settlement and of the her pending claim against Erie Insurance Company. Her bankruptcy counsel provided the chapter 7 trustee with this information in an e-mail sent on April 18, 2008. According to debtor's bankruptcy counsel, the chapter 7 trustee had an opportunity to object to her discharge before it was granted, but did not do so.

We need not determine whether debtor's assertion has merit and whether the chapter 7 trustee therefore cannot prevail under § 727(d)(1) in light of such knowledge. Debtor's discharge instead may be revoked pursuant to § 727(d)(2).

The first requirement of § 727(d)(2) is present in this case. Both the $25,000.00 settlement (or what remained of it as of the petition date) and the pending claim against Erie Insurance Company qualify as property of the bankruptcy estate under § 541(a)(1) of the Bankruptcy Code. Debtor had a legal interest in them as of the petition date.

The second requirement also is present here. The evidence presented at trial establishes that debtor knowingly and fraudulently did not report the existence of these assets and did not deliver or surrender them to the chapter 7 trustee. As was noted, she did not disclose their existence in her bankruptcy schedules or her statement of financial affairs and stated at the § 341 meeting that she did not have a claim against anyone on the petition date.

In spite of the assurance of her bankruptcy counsel that debtor would amend her schedules and statement of financial affairs and the demand by the chapter 7 trustee's that debtor turn over the funds remaining from the $25,000 settlement, debtor refused to do either. She had an opportunity to "set things right" before receiving a discharge, but refused do so. Her adamant refusal indicates that debtor acted knowingly and fraudulently in this regard for purposes of § 727(d)(2). The totality of the circumstances establishes that debtor *never* intended to make these assets available for distribution to her creditors, but instead sought to conceal and retain them for her own personal use. Had the court been made aware of debtor's conduct prior to June 10, 2008, she would not have received a discharge.

(11) We conclude in light of the foregoing that debtor's discharge must be revoked and that she must turn over the to the chapter 7 trustee any funds remaining from the above $25,000 settlement provide an accounting of what she did with the settlement proceeds.

In light of the foregoing, it hereby is **ORDERED, ADJUDGED** and **DECREED** that debtor's discharge **SHALL** be and hereby is **REVOKED**. Debtor **SHALL** forthwith turn over to the chapter 7 trustee all funds remaining from the $25,000.00 settlement and **SHALL** provide a comprehensive accounting of the disposition of same.

It is **SO ORDERED**.

*/s/ Bernard Markovitz 6-5-09*
**BERNARD MARKOVITZ**
U.S. Bankruptcy Judge

cm: Debtor
Michael N. Vaporis, Esquire
James R. Walsh, Esquire
Office of United States Trustee

FILED

JUN 5 2009

CLERK, U.S. BANKRUPTCY COURT
WEST. DIST. OF PENNSYLVANIA

- 5 -